NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNETTE DAGNEW,<br><br>         Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>         Respondent. | No.   14-74037<br><br>Agency No. A201-105-218<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BASTIAN,[***] District
Judge.

Annette Dagnew ("Dagnew") petitions for review of the Board of

Immigration Appeals' ("BIA") denial of asylum and withholding of removal.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Stanley A. Bastian, United States District Judge for
the Eastern District of Washington, sitting by designation.

Dagnew contends she is entitled to relief due to persecution on account of her religion. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the immigration judge's ("IJ") and the BIA's adverse credibility determinations; for example, Dagnew failed to mention the alleged 2008 police raid and confiscation of all her identification documents in her asylum application or credible fear interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (noting we review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole") (quotation omitted). This omission is especially glaring since the raid is the reason given by Dagnew to explain why she lacked any documentation to substantiate crucial aspects of her narrative. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). In the absence of any credible testimony from Dagnew, the IJ and BIA reasonably determined that the remaining evidence failed to establish her eligibility for relief. We need not reach the BIA's alternative holding that, even if Dagnew had been found credible, the IJ reasonably required her to provide certain corroborating evidence and that her failure to do so likewise

2

resulted in a failure to meet her burden of proof.

**PETITION DENIED.**